**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI SOUTHERN DIVISION**

| | | |
|---|---|---|
| NTAMBO FRANCISCO,<br><br>Petitioner<br><br>v.<br><br>MARKWAYNE MULLIN, et al.,<br><br>Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 6:26-cv-03557-MBB |

**ORDER**

Petitioner Ntambo Francisco petitions the Court for a Writ of Habeas Corpus under 28 U.S.C. § 2241. (**Doc. 1**). He argues that Respondents (collectively, "the Government") violated his right to procedural due process. (***Id.*** at pp. 13-14). Petitioner requests that the Court order his immediate release or, alternatively, a bond hearing. (***Id***. at pp. 14-15). Because the Government did not violate Petitioner's right to procedural due process, the petition is DENIED.

**Background**

Petitioner, a citizen of Angola, allegedly entered the United States around 2024. (**Doc. 1**, p. 6). The Department of Homeland Security ("DHS") allegedly initiated removal proceedings. (***Id***.). DHS allegedly released him subject to certain conditions. (***Id***). Petitioner allegedly applied for asylum. (***Id***.). On August 20, 2026, DHS allegedly arrested him when he appeared to report a malfunctioning ankle monitor. (***Id***.). He is allegedly detained at the Greene County Jail in Springfield, Missouri under 8 U.S.C. § 1225(b)(2)(A). (***Id***. at pp. 3, 6).

On September 4, 2026, Petitioner filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. (**Doc. 1**). He argues that DHS violated his right to procedural due process when it revoked his release and re-detained him. (***Id.*** at pp. 13-14). He argues that his initial release

created a liberty interest that DHS may not revoke without notice, a hearing, or a showing of changed circumstances. (***Id.***). And he argues that his continued confinement without bond separately violates his right to procedural due process. (***Id.*** a p. 14). The Court ordered the Government to show cause why the petition should not be granted. (**Doc. 6**). The Government, apparently in error, submitted a duplicate copy of the petition instead of a response. (**Doc. 7**). Petitioner did not respond to the Government's filing. The Court resolves this case without the Government's response because the petition does not show that Petitioner is entitled to relief. *See* **28 U.S.C. § 2243** (a court may decline to issue a writ of habeas corpus if "it appears from the application that the applicant or person detained is not entitled thereto").

**Discussion**

28 U.S.C. § 2241 gives federal courts jurisdiction to hear constitutional challenges to the legality of immigration-related detention. *See* ***Zadvydas v. Davis***, 533 U.S. 678, 687 (2001). *See also* ***Rasul v. Bush***, 542 U.S. 466, 483-84 (2004) (holding that Section 2241 conferred jurisdiction to hear a challenge to an alien's detention). But "[d]istrict Courts in this circuit and elsewhere agree that a habeas petitioner under § 2241 bears the burden of demonstrating by a preponderance of the evidence that his or her detention is unlawful." ***Vargas Lopez v. Trump***, 802 F. Supp. 3d 1132, 1137 (D. Neb. 2025). *See* ***Johnson v. Mabry***, 602 F.2d 167, 171 (8th Cir. 1979) ("Generally, the burden of proof in a habeas corpus proceeding is on the petitioner to establish by a preponderance of the evidence that he is entitled to relief.").

Petitioner fails to carry that burden. His mandatory detention pending removal proceedings is not contrary to procedural due process.

## I. Petitioner's detention does not violate procedural due process because the legislative scheme permits it.

Petitioner does not dispute that he is detained under Section 1225(b)(2)(A), which requires detention of "applicant[s] for admission" pending removal proceedings. (**Doc. 1**, p. 2); **8 U.S.C. § 1225(b)(2)(A)**. He claims that the Fifth Amendment independently prevents the Government from revoking "a previously granted conditional liberty without pre-deprivation process." (**Doc. 1**, p. 8). He also argues that the Government may not "confine a noncriminal non-citizen without any individualized necessity determination." (***Id.***).

Petitioner's conditional release did not bestow lawful admission. *See* ***Avila v. Bondi***, 170 F.4th 1128, 1133 (8th Cir. 2026) ("Being 'admitted' does not merely mean being present in the United States; under immigration law, it signifies having made a lawful entry into the country."); ***Sanchez v. Mayorkas***, 593 U.S. 409, 415 (2021) (holding that an alien lawfully present in the United States had not been admitted). So the Government may detain him pending deportation proceedings "simply by reference to the legislative scheme." *See* ***Baynee v. Garland***, 115 F.4th 928, 932 (8th Cir. 2024). *See also* ***Department of Homeland Sec. v. Thuraissigiam***, 591 U.S. 103, 140 (2020) (holding that aliens who have not been admitted "[have] no entitlement to procedural rights other than those afforded by statute"). The legislative scheme gives the Government discretion to revoke conditional parole and detain and alien "at any time." *See* **8 U.S.C. § 1226(b)**. *See also* **8 U.S.C. § 1182(d)(5)(A)** (granting DHS broad discretion to rescind humanitarian parole). The Court may not disturb those discretionary decisions. *See* **8 U.S.C. § 1226(e)**. And the Government may detain Petitioner without bond under Section 1225(b)(2)(A) because he has not been admitted. *See* **8 U.S.C. § 1225(b)(2)(A)**; ***Avila***, 170 F.4th at 1133-34.

Petitioner offers no evidence to support his petition. *See* ***Mabry***, 602 F.2d at 171 (discussing the burden of proof in habeas proceedings). And he cites no statutory authority

supporting his argument. He cites case law discussing revocation of parole in the criminal context. *See, e.g.*, ***Morrissey v. Brewer***, 408 U.S. 471 (1972). But courts analyze immigration detention differently. *See* ***Demore v. Kim***, 538 U.S. 510, 522 (2003) ("Congress may make rules as to aliens that would be unacceptable if applied to citizens."); ***Thuraissigiam***, 591 U.S. at 138 (re-iterating that for aliens who have not "even been admitted into the country pursuant to law, the decisions of executive or administrative officers, acting within powers expressly conferred by Congress, are due process of law" (internal quotation marks omitted)). The Supreme Court held that "detention during deportation proceedings [is] a constitutionally valid aspect of the deportation process." ***Id.*** at 523. The Eighth Circuit agreed, holding that detention pending removal proceedings is constitutionally valid when, as here, "deportation is still on the table." *See* ***Baynee***, 115 F.4th at 933. "These cases leave no room" for the balancing test described in *Mathews v. Eldridge*, 424 U.S. 319 (1976). ***Id.*** And district court cases holding the contrary do not move the needle. *See* ***Camreta v. Greene***, 563 U.S. 692, 709 n.7 (2011) ("A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case."). Petitioner's procedural due process claims fail because the legislative scheme authorizes his detention.

**Conclusion**

The Government did not violate Petitioner's right to procedural due process when it revoked his release and re-detained him. His continued detention without bond likewise does not violate his right to procedural due process. The Petition for a Writ of Habeas Corpus is **DENIED**.

**IT IS SO ORDERED.**

/s/ Megan Blair Benton
MEGAN BLAIR BENTON
UNITED STATES DISTRICT JUDGE

Dated: October 28, 2026